GIBBY vs. HALL and others.

An injunction will not be dissolved upon the hearing upon the bill and answer, when the answer is unsatisfactory as to any matter which is an essential part of the complainant's equity.

Bill for injunction to stay a suit at law. Motion to dissolve the injunction on bill and answer.

*Mr. G. R. Lindsay,* for motion.

*Mr. Joel Parker, contra.*

THE CHANCELLOR.

The complainant, who was the owner of mortgaged premises which were advertised to be sold under a decree of foreclosure of this court, swears that just before the time appointed for the sale, October 27th, 1875, the defendant, Hall, accepted a deed from him and his wife for the premises, and agreed, in consideration of the conveyance, to stop the sale and deliver up his bond to them. The bond and mortgage were given by the complainant to Hall in 1870, to secure the payment of part of the purchase money of the mortgaged premises, which were then conveyed by the latter to the former. Though Hall, in 1872, assigned the bond and mortgage to his daughter, Mrs. Marsh, and claims that he was, therefore, from that time no longer interested in them, yet it appears that he entertained negotiations, on the part of the complainant, on the subject of the proposed conveyance of the property to him in satisfaction thereof. The property was struck off at the sheriff's sale to Mrs. Marsh for $300, subject to prior encumbrances. According to the complainant, it did not bring one-half of its value. A few days after the sale, suit was begun against the complainant on his bond, and the bill is filed to stay that action.

The complainant's allegation in the bill that Hall told him, during the negotiation for the re-conveyance of the property, that notwithstanding the assignment to his daughter, he was still the owner of the bond and mortgage, derives some support from the fact that immediately after the sheriff's sale, Mrs. Marsh and her husband conveyed the property to Hall at the price at which it was struck off to her. Besides, it would appear, from the bill and answer, that Hall was permitted to deal with the bond and mortgage in the negotiations for re-conveyance, as though they were his own, if they were, indeed, the property of his daughter. The answer is not satisfactory as to the alleged agreement with Hall, by which, in consideration of the re-conveyance, he agreed to stop the sale and deliver up the bond. The deed was retained by Hall, and is still in his possession. Under the circumstances of the case, the injunction should be retained until the hearing.